## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOSEPH JACKSON,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) Case No. 06-cv-0161-MJR |
| **UNITED STATES OF AMERICA,** | ) ) ) |
| **Defendant.** | ) ) |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On February 23, 2006, Joseph Jackson filed a pro se complaint in this United States District Court, along with two motions. First, Jackson asks for leave to proceed in forma pauperis (Doc. 2). Second, he asks the Court to appoint counsel (Doc. 3). For the reasons described below, the Court denies both motions.

By granting a motion for pauper status, a federal court authorizes a lawsuit to proceed without prepayment of fees. *See* **28 U.S.C. § 1915(a)(1)("any court of the United States may authorize the commencement ... of any suit ... without prepayment of fees or security therefor...").** Additionally, the Court may "request an attorney to represent any person unable to afford counsel." **28 U.S.C. § 1915(e)(1).**

Before a federal court can grant pauper status or appoint counsel, however, it must carefully screen the complaint filed by the pro se litigant. Indeed, **28 U.S.C. § 1915(e)(2)** requires federal courts to *dismiss* any complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief.

Jackson's complaint does not survive scrutiny under § 1915(e)(2). He has established

that he is indigent (*see* Doc. 2), so the Court finds his allegation of poverty to be truthful. But he has failed to state a claim upon which relief can be granted. Additionally, the action is frivolous and may seek monetary relief from a defendant who is immune from suit (the United States).[1]

In reviewing Jackson's complaint, this Court bears in mind that it must construe pro se complaints liberally. ***Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).** More specifically, the Court accepts any factual allegations in the complaint as true and draws all reasonable inferences in Jackson's favor. ***See Jogi v. Voges,* 425 F.3d 367, 371 (7th Cir. 2005),** *citing Transit Express, Inc. v. Ettinger*, **246 F.3d 1018, 1023 (7th Cir. 2001).**

Dismissal for failure to state a claim is warranted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ***Alper v. Altheimer & Gray*, 257 F.3d 680, 684 (7th Cir. 2001),** *citing Conley v. Gibson*, **355 U.S. 41, 45-46 (1957). *Accord Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001); *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005).** The question is not whether the plaintiff ultimately will prevail in the suit but only whether he is entitled to offer evidence to support his claims. ***Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997).**

Even viewed in this friendly light, Jackson's complaint fails to pass muster. He complains generally that "the state" has tried to use him as a guinea pig. He asserts in one sentence that he has a lawsuit against the state for this poor treatment, and then contends in another sentence that he would *like* to file a suit: "I like to sue the state to own everything in the United States and

---

[1] It is impossible to determine whether the correct Defendant has been named, as the Court cannot ascertain enough information from the complaint to properly categorize the lawsuit (*i.e.,* is this a § 1981 lawsuit? an Americans with Disabilities Act lawsuit?, etc.).

be the King of the White House [or] the President of the United States..." (Doc. 1, p. 1).

Although the complaint mentions the term civil rights, this appears to be a reference to slain civil rights leader Dr. Martin Luther King, Jr., not a request for relief under a civil rights statute. The complaint also references President George W. Bush, secret agents, car lots, restaurants, cutting grass, medical records, various mental health facilities, lethal injections, a rosary cross, taxes, anthrax, and "World War 6" (Doc. 1, pp. 2-3). He closes by politely asking the undersigned Judge to let him (Jackson) know if he wins his case, in which event Jackson offers to "come see you all at the court house" (*id.*, p. 4).

Put simply, the Court can make neither heads nor tails of the complaint. Even construed liberally, the complaint fails to state a claim upon which relief can be granted. Furthermore, the complaint is frivolous. This is not a matter of the undersigned Judge believing the allegations to be unlikely. Jackson's complaint lacks an arguable basis in either law or fact. Stated another way, no reasonable person could find Jackson's allegations meritorious. *See Lee v. Clinton*, **209 F.3d 1025, 1026 (7th Cir. 2000);** *Neitzke v. Williams*, **490 U.S. 319, 325 (1989).** For all these reasons, the Court **DISMISSES** this case under **28 U.S.C. § 1915(e)(2)(B).**[2]

Dismissal shall be with prejudice, as this is a wholly frivolous lawsuit – as opposed to just a complaint that fails to state a claim (but could be amended to do so). This ruling does not necessarily close the courthouse doors to Jackson completely. *See, e.g., Flowers v. Columbia*

---

[2] Section 1915(e)(2) calls for dismissal of a "case" (not merely the complaint). ***But see Furnace v. Board of Trustees of Southern Illinois University*, 218 F.3d 666, 669 (7th Cir. 2000)("We need not determine whether 28 U.S.C. § 1915(e)(2)'s requirement that the 'case' be dismissed necessitates the dismissal of the entire action or merely of the complaint....").**

*College Chicago*, 397 F.3d 532, 535 (7th Cir. 2005)(noting that, under certain circumstances, **a litigant who suffers dismissal of a frivolous or malicious action under § 1915(e)(2)(B)(i) may still pay a filing fee and commence a new lawsuit).**

Accordingly, the Court **DISMISSES** this case (with prejudice) under **28 U.S.C. § 1915(e)(2)(B)(i) and (ii)**, resulting in the **DENIAL AS MOOT** of Jackson's motions for leave to proceed in forma pauperis (Doc. 2) and appointment of counsel (Doc. 3).

**IT IS SO ORDERED.**

**DATED this 25th day of April, 2006.**

s/ Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**